UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

D. N. R., a juvenile,                          )
     by and through her next friend and      )
     father, Jamie D. Reed,                  )
                                             )
v.                                             )          NO. 2:06-cv-222
                                             )
COCKE COUNTY JUVENILE COURT;                   )
JUDGE JOHN BELL; and the STATE                 )
OF TENNESSEE                                   )

## MEMORANDUM OPINION

On August 25, 2006, *pro se* federal prisoner Jamie D. Reed submitted a filing entitled, "Motion for Relief from Judgment/Order-Rule 60(b)," on behalf of D. N. R. , his minor daughter. [Doc. 3]. As a result of juvenile court proceedings held in 2005 in Cocke County, Tennessee, D. N. R. was found to have committed two assaults; was adjudged delinquent; and was placed on probation for an unstated period. (Pet., Exh. 5-B, Order of Judge John A. Bell). Mr. Reed's "Motion" alleged the D.N.R.'s rights had been violated in those proceedings and asked that those assault findings be vacated or set aside. The Court concluded that the filing, in substance, was a petition pursuant to 28 U.S.C. § 2254 and, on October 18, 2006, warned Mr. Reed that, unless, within ten days, he withdrew his Rule 60(b) Motion, it would be recharacterized as a § 2254 application. (Doc. 6).

More than ten days have passed, and Mr. Reed has not withdrawn his motion. Instead, he has filed three additional motions–in the last of which he argues that "the said Rule # 60(b) motion was filed in the natures of the said Writ of Error Coram Nobis, 28 U.S.C. 1651, a/k/a, The All Writs Act." The Court interprets Mr. Reed's argument as indicating that he does not intend to withdraw his motion and that he still insists that the title which he selected controls the Court's analysis of his filing. However, as noted in a prior order, a court is not bound by the labeling attached to a pleading and, for the reasons stated in that order, will deem the pleading to be a habeas corpus petition under 28 U.S.C. § 2254. Even so, the petition must be dismissed because the Court lacks jurisdiction to consider it.

A federal court has jurisdiction to grant a § 2254 petition only where the petitioner is "in custody pursuant to the judgment of a State court." *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001) (citing 28 U.S.C. § 2254(a)). The determination of whether a petitioner is in custody is made at the time the habeas corpus petition is filed. *Steverson v. Summers*, 258 F.3d 520, 522 (2001) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Physical confinement is not required—the "in-custody" requirement may be met by a petitioner who is on probation. *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989).

In an attempt to convince the Court to treat this filing as a Rule 60(b) motion or a coram nobis petition, Mr. Reed asserts that D.N.R. is not incarcerated and

is no longer on any term of probation and that, therefore, a § 2254 petition "would be the wrong remedy to use to obtain relief." The record seemingly confirms that D.N.R. was never incarcerated, but it does reflect, however, that she was placed on probation, though it fails to indicate the length of the probationary term. (Pet., Exh. 5-B). Thus, from the record as it presently exists, it cannot be determined whether D.N.R. was serving her probationary period at the time the petition was filed, so as to satisfy the "in-custody" requirement of § 2254.

There is, however, an additional jurisdictional issue. As a threshold requirement in this petition, as in any other, a litigant must show that he has standing to invoke the jurisdiction of this Court. *See Demosthenes v. Baal*, 495 U.S. 731, 737 (1990) (stating that courts must ensure an adequate basis under the habeas statutes for the exercise of federal power). For Mr. Reed to have standing to pursue this habeas corpus petition as a next friend, he must show that D.N.R. cannot litigate her own cause due to "inaccessibility, mental incompetence, or other disability" and that he is "truly dedicated" to her "best interests." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998) (citation and internal quotation marks omitted).

Even assuming that D. N. R. 's status as a minor would fall within the category of "other disability," preventing her from litigating her own cause, there is no

meaningful evidence in the petition that Mr. Reed is truly dedicated to her best interests. Though one might assume that a father invariably would promote his child's best interests, the Supreme Court has observed that next friend status "has been uncommonly granted and has not been made available automatically even to the natural parents of a habeas petitioner." *Lehman v. Lycoming County Children's Services,* 458 U.S. 502, 523-24 (1982) (Blackmun, J., dissenting) (citations omitted).

Finally, when Mr. Reed sought to appeal his daughter's juvenile adjudication, the state appellate court rejected his request to act as her legal representative and found that he did not have physical or legal custody of D. N. R. (Pet., Exh. 10). Indeed, Mr. Reed implicitly acknowledges in the petition that he is not his daughter's legal guardian by indicating that her aunt, Pat Bell, occupies that position. (Pet. at 8 and 20). And it is clear that, as a prisoner, Mr. Reed does not have physical custody.

Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore,* 495 U.S. at 163. Absent a sufficient showing by Mr. Reed clearly establishing "the propriety of his status," the Court finds that it lacks jurisdiction over this next-friend petition and will dismiss it, by separate order, for this reason.

**ENTER**:                                             s/J. RONNIE GREER
                                                    UNITED STATES DISTRICT JUDGE